PATTERSON, Judge.
The appellant challenges her judgment and sentences for perjury. She argues that the trial court’s reason for departing from the sentencing guidelines is invalid. We agree and reverse.
On May 16, 1990, the appellant was charged in count I with perjury in violation of section 837.02, Florida Statutes (1989), and in count II with perjury by contradictory statements in violation of section 837.021, Florida Statutes (1989). She entered pleas of nolo contendere to both counts and was adjudicated guilty. The recommended guidelines sentence was any nonstate prison sanction; however, the trial court sentenced the appellant on count I to five years in prison and on count II to a suspended prison term of five years and five years of probation to be served consecutively to the sentence in count I.
In its written reason for departure, the trial court stated that the perjury was *611 especially egregious in this circumstance because “it took place in the context of a criminal trial involving the prosecution of the most serious criminal offense known to the criminal justice system, a prosecution for murder in the first degree in which death by electrocution is one of the possible penalties.” The court further stated that the appellant “willfully and intentionally committed perjury” at a second trial.
Willfully committing perjury during an official proceeding is an inherent component of the offense for which the appellant was being sentenced. Thus, the trial court erred in relying on the perjury as a reason for departure. See Synder v. State, 564 So.2d 193 (Fla. 5th DCA 1990).
The state argues that this appeal is moot since the appellant only challenges the departure prison sentence and she has already been released from prison. There is no merit to this argument. As long as the appellant is on probation, she is at risk of further incarceration if she violates a condition of probation. Since the appellant has already served a harsher sentence than was permitted under the guidelines, we direct that she be discharged from probation.
Reversed.
SCHOONOVER, C.J., and DANAHY, J., concur.